5595.  DeVAUGHN'S SON *v.* FISK RUBBER COMPANY.

Under the pleadings, the evidence demanded the verdict directed.

DECIDED OCTOBER 20, 1914.

Complaint; from city court of Oglethorpe—Judge Greer.  February 10, 1914.

*Jere M. Moore,* for plaintiff in error.  *Jule Felton,* contra.

WADE, J.  The Fisk Rubber Company sued on a verified account for automobile tires, dated May 23, 1912, amounting to $287.89. The defendant filed a plea admitting that he had contracted the indebtedness for the articles described in the account, but alleging, that the tires included in the account were sold under a guarantee that they were not defective; that two of the tires were absolutely worthless and were returned by him to the plaintiff, but the plaintiff refused and failed to redeem them or to credit the account with their value,—$35.61; that because of the failure on the part of plaintiff to make good its guarantee as to the tires returned, the defendant was thereafter unable to guarantee the other unsold tires purchased by him from the plaintiff, but was compelled to sell them at a reduced price, and then had left unsold on his hands six tires, which it was impossible to sell and which were entirely worthless to him, of the value of $105.60, to which extent there was a total failure of consideration.  He further pleaded that he was entitled to a credit of $2.41 for freight paid on the defective tires returned by him, and which the plaintiff received but refused to pay for or to credit on the account.  He admitted an indebtedness of $165.69 only, which amount he tendered into the court.  There was no plea of set-off based upon any previous contract or purchase from the plaintiff.

The evidence of the defendant was to the effect that the goods included in the account sued on were bought "straight out," through an agent of the plaintiff, who was authorized to sell the plaintiff's goods, and that the goods were shipped on the order given by him to this agent.  There is no testimony whatever tending to show or even seeking to establish that any guarantee as to the tires included in the account sued on was made by the salesman in behalf of the plaintiff, or by any one else.  The defendant further testified that four or five defective tires were shipped to him, but "these were not included in the bill sued on in this case;" that he sold a defect-

ive tire (not one of the tires included in the account in suit) to one Holt, who paid him therefor, and that subsequently he made complaint to the plaintiff, but the plaintiff neither paid to the defendant the value of the tire nor furnished a new one; that the first two tires sold on the bill sued upon were sold to himself, and one of them was defective, but he had "never sent these back to the plaintiff," nor does it appear that he had ever made complaint in regard thereto. The defendant further said: "The condition of some tires received from the plaintiff on a former order was bad; I don't know so much about this present bill sued on. I think I have four of the tires embraced in this order in my store now. There were six on hand. Mr. Cheney went up there and put two on my machine, and I had authorized my clerk not to dispose of them. I knew nothing about it until afterwards when they were put on the car." There was no testimony as to any payment of freight. Holt testified, for the defendant, that he had been in the plaintiff's place of business in Atlanta, and had told the man in control there about the defective tire which he (Holt) had purchased from the defendant, and this man agreed that the plaintiff would make it good; whereupon the witness requested DeVaughn to return him the $36 which he had paid the defendant for the defective tire, and upon the payment of this amount by the defendant, he left the tire with the defendant. This transaction, the witness stated, was either in 1910 or 1911. Rice, a witness for the plaintiff, testified, that he was a representative of the plaintiff, and knew the man who made the sale to the defendant; that the salesman had the right to sell tires, but no authority to guarantee them, and that no tire was guaranteed for any length of time; that the plaintiff did "make good" a tire for the defendant of the same size as the one Holt claimed he purchased—that it sent the defendant a new one in lieu thereof; that when the plaintiff sold a tire it reserved the right, in case the tire proved defective, to make it good at the option of the plaintiff; that the defendant acted as agent for the plaintiff at Montezuma, and the plaintiff agreed not to sell its tires to any one else in Montezuma at the prices quoted to the defendant; that if the defendant sold a tire which was found to be defective, he was authorized to receive it back from the customer and to send it to Atlanta with express prepaid, and the plaintiff would make it good in case it was then found to be defective,

"charging him for mileage on the tire;" that the defendant sent two tires to the plaintiff, which it refused to make good, and these two tires were ordered a year before the goods described in the invoice sued upon were ordered, and remained in the plaintiff's possession ever since their return; that the plaintiff never authorized any one to make a guarantee in reference to tires, except a printed guaranty which the witness exhibited (but which does not appear in the record), and no guarantee was made to the defendant other than this printed guarantee; that the agent who sold the goods to the defendant was simply a sales agent and had no authority to make any guaranty to the defendant. Cheney, a garageman, testified in behalf of defendant that he had examined some tires purchased by the defendant from the plaintiff, which had been "blown out" and looked like defective tires; that he examined two tires, but was not an expert automobilist. The tires testified about by this witness were the same two tires which the defendant testified were returned to the plaintiff some time before the date of the account sued on.

The foregoing is in substance all of the material evidence adduced at the trial, and it nowhere discloses that any guarantee was ever made by the plaintiff or by any agent or salesman representing the plaintiff, or that any of the particular tires sold to the defendant and included in the account sued on were defective or had been returned to the plaintiff as defective, unless, possibly, it included one of the two defective tires which the defendant testified he had placed on his own machine; but if so, this tire was never returned. The only tires ever returned as defective, so far as the evidence of the defendant himself discloses, were tires purchased some time before the particular goods described in the suit had been sold to the defendant, and in his plea the defendant makes no claim that these tires were warranted by the plaintiff, nor does he seek to set off their value against the account, or claim that he was entitled to any credit whatever because of defects therein, but he simply alleges a failure of consideration as to certain tires included in the account, and makes no attempt to set off against it the value of any other tires previously sold to him which may have been defective. The evidence was not adjusted to the plea, and failed altogether to sustain the allegations as made therein. Had there been a plea of set-off, setting up the loss incurred by the defendant on account of the defective tires *previously* sold to him, or had it appeared that

the defendant actually returned to the plaintiff any tires which he claimed were defective and which were included in the account sued on, and were therefore covered by the contract of guaranty authorizing the return of any defective tires, as set up by his testimony, there was some evidence which, under such pleading, would have required the submission of the case to a jury, and might have authorized a reduction of the plaintiff's demand, if the jury had seen fit to accept the evidence in behalf of the defendant as the truth of the case. With no allegations in the plea setting up any counter-demand against the plaintiff arising out of any previous contract with the plaintiff or out of any previous purchase, the issue was restricted to the alleged contract covering the purchase of the goods enumerated in the account sued on, and to the obligations or losses arising thereunder. The evidence failed to show even any attempt on the part of the defendant to return to the plaintiff any of the tires or goods included in the last purchase, in accordance with the conditions of the contract of guaranty claimed by him, and failed to sustain in any degree the averments of his plea. The court did not err in directing a verdict for the amount of the plaintiff's demand, since the correctness of the account as stated was admitted, and the defendant introduced no evidence which under the pleadings could have authorized any other verdict, or which in fact tended to sustain any of the defenses set out in his plea, to which he was confined.

*Judgment affirmed. Roan, J., absent.*